**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 99-7097**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHERMAN LEWIS,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Fayetteville.  W. Earl Britt, Senior District Judge.  (CR-87-53)

_____

Submitted:  March 23, 2000          Decided:  March 29, 2000

_____

Before LUTTIG, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Sherman Lewis, Appellant Pro Se.  Barbara Dickerson Kocher, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sherman Lewis seeks to appeal an order of the district court denying his motion to reconsider the denial of his motion to correct an illegal sentence under Fed. R. Crim. P. 35. The district court's order was entered June 15, 1999.

Under Fed. R. App. P. 4(b), Lewis had ten days from entry of that order on the criminal docket to note his appeal. His notice of appeal was dated June 28, 1999,[*] thirteen days after entry of the order. The appeal periods of Fed. R. App. P. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Because Lewis failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

[*] Although the notice of appeal was not filed in the district court until July 7, 1999, for the purposes of this appeal we assume that the date Lewis wrote on the notice of appeal is the earliest date it would have been submitted to prison authorities. See Houston v. Lack, 487 U.S. 266 (1988).